IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, | § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CIVIL ACTION NO. 1:18-CV-602-RP |
| CENTRAL TEXAS HIGHWAY CONSTRUCTORS, LLC, ZACHRY INDUSTRIAL, INC., and ZACHRY AMERICAN INFRASTRUCTURE, INC., | § § § § § § | |
| *Defendants*. | | |

**CENTRAL TEXAS HIGHWAY CONSTUCTORS, LLC'S RULE 12(b) MOTION AND SUPPORTING BRIEF TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Central Texas Highway Constructors, LLC ("CTHC") files the following Motion and supporting brief to dismiss Plaintiffs Zurich American Insurance Company's ("Zurich's") and American Guarantee & Liability Insurance Company's ("AGLIC's") Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(1):

## I.   INTRODUCTION

Under the *Brillhart/Trejo* abstention doctrine, this Court should decline to exercise jurisdiction over Plaintiffs' declaratory judgment claims because a Texas state-court action is currently pending between CTHC, on the one hand, and Steadfast (an original plaintiff to this suit), AGLIC, and Zurich (collectively, "Insurers"), on the other, over the same matters at issue before this Court—the Insurers' duties to defend an underlying adversary proceeding pending in the United States Bankruptcy Court for the Western District of Texas. All of the relevant

*Brillhart/Trejo* factors support dismissal of this case.  The Texas state-court action is not only an appropriate forum to hear Plaintiffs' claims, it is the *only* court which may decide the full dispute between all relevant parties, including former plaintiff Steadfast, whose citizenship is the same as CTHC for jurisdictional purposes.  Otherwise, to continue this litigation in the face of the pending Texas state-court action between CTHC, Zurich, AGLIC, and Steadfast (which cannot be removed to this Court) would subject CTHC to multiple suits in order to resolve the same duty to defend issue.  To continue this action during the pendency of the Texas state case would put a strain on the parties' and judicial resources, and also raise the serious risk of inconsistent rulings on similar policy provisions with respect to Insurers' respective duties to defend.  These factors support dismissal of this action.

Insurers' conduct also supports dismissal.  Steadfast and Zurich initiated this proceeding in a race to the courthouse after demands by CTHC to defend it in the underlying adversary proceeding.  Since initiating this declaratory judgment case, Insurers have engaged in procedural maneuvering in an attempt to gain a perceived advantage by remaining in this Court—including by abandoning claims originally brought by Steadfast to adjudicate its duty to defend CTHC.  Insurers should not be permitted to use the Federal Declaratory Judgment Act as a vehicle for forum shopping.  For all of these reasons, Defendant's motion to dismiss should be granted to allow all claims between the parties relating to the defense of the underlying Bankruptcy Litigation (as defined herein) to proceed in the pending Texas action, where they belong.

## II.     FACTUAL BACKGROUND

1.     On March 1, 2018, an underlying plaintiff, SH130 Concession Company, LLC, named CTHC (among other parties) as a defendant in an adversary proceeding in bankruptcy court styled *In re SH 130 Concession Company, LLC v. Central Texas Highway Constructors,*

*LLC et al.*, Adversary No. 18-01030-TMD, in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Litigation").  *See* Doc. No. 23, at Ex. 1.

2. CTHC provided notice and sought a defense in connection with the Bankruptcy Litigation from Steadfast Insurance Company ("Steadfast"), AGLIC, and Zurich (collectively the "Insurers") under the following liability policies:

- Commercial General Liability Policy No. GLO 9261833-00 issued by Zurich to CTHC for the period from August 27, 2007 to May 11, 2013 (the "Zurich Policy");

- Contractor's Protective Professional Indemnity and Liability Policy No. EOC 9261942-00 issued by Steadfast to CTHC for the period from August 29, 2007 to August 29, 2013 (the "Steadfast Policy");

- Policy No. AUC 9385269-00 issued by AGLIC for the period from May 1, 2009 to May 1, 2010 (the "09-10 HBZ Umbrella Policy"); and

- Policy No. AUC 4891930-00 issued by AGLIC for the period from January 1, 2010 to May 1, 2011, and renewed under policies numbered AUC 4891930-01, AUC 4891930-02, AUC 4891930-03, and AUC 4891930-04 on an annual basis between May 1, 2011 and May 1, 2015.

3. Zurich and Steadfast denied coverage for the Bankruptcy Litigation under their respective policies.  Ex. A (Zurich's and Steadfast's denial letters).

4. CTHC responded by refuting Steadfast's and Zurich's coverage defenses and urging both insurers to acknowledge coverage for CTHC in the Bankruptcy Litigation.  Ex. B (CTHC's response letters to Zurich's and Steadfast's denial letters).

5. Then, without notice and knowing that CTHC was the aggrieved party, Steadfast and Zurich preemptively filed their Original Complaint in this proceeding on July 19, 2018 seeking declarations related to their defense and indemnity obligations to CTHC for the Bankruptcy Litigation. *See* Doc. No. 1.

6. On August 15, 2018, CTHC filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, as no diversity of citizenship existed between CTHC and Steadfast. Doc. No. 7. CTHC is a Delaware citizen because it is a limited liability company whose indirect corporate members are organized under Delaware law. Steadfast is also a Delaware citizen. *See id.*

7. On August 15, 2018, CTHC filed suit in the 192nd District Court of Dallas County, Texas against Steadfast and Zurich asserting a claim for breach of contract, among other claims, for Steadfast and Zurich's refusal to defend CTHC in connection with the Bankruptcy Litigation (the "Texas Action"). Ex. C (Texas Action Original Pet.).

8. Plaintiffs sought to cure the jurisdictional defect in their Original Complaint in this case by adding and eliminating parties to this litigation. On August 28, 2018, Plaintiffs filed an Amended Complaint eliminating Steadfast as a Plaintiff and adding Plaintiff American Guarantee & Liability Insurance Company ("AGLIC") and Defendants Zachry Industrial, Inc., Zachry American Infrastructure Inc., and Zachry American Infrastructure LLC (collectively, the "Zachry Defendants") in order to assert that diversity jurisdiction now exists. Doc. No. 8.

9. In its First Amended Complaint, AGLIC's declaratory relief claims address its defense and indemnity obligations to the Zachry Defendants with respect to the Bankruptcy Litigation. *See id.* AGLIC's First Amended Complaint does not seek adjudication of CTHC's

right to defense and indemnity in connection with the Bankruptcy Litigation under any AGLIC policy.

10.     On September 7, 2018, in light of the Amended Complaint, the Court mooted CTHC's motion to dismiss the Original Complaint.

11.     On September 9, 2018, both Steadfast and Zurich filed answers in the Texas Action, and without challenging jurisdiction or venue in that proceeding. Exs. D, E (Answers).

12.     On October 19, 2018, Zurich and AGLIC filed their Second Amended Complaint in this matter. *See* Doc. No. 23.

13.     In the Second Amended Complaint, AGLIC added a claim for declaratory relief regarding its defense and indemnity obligations to CTHC with respect to the Bankruptcy Litigation under the following policies (collectively, the "HBZ Umbrella Policies"):

- AUC 3437223-05 (May 1, 2007 to May 1, 2008)
- AUC 5967408-00 (May 1, 2008 to May 1, 2009)
- AUC 9385269-00 (May 1, 2009 to May 1, 2010)
- AUC 4891930-00 (Jan. 1, 2010 to May 1, 2011)
- AUC 4891930-01 (May 1, 2011 to May 1, 2012)
- AUC 4891930-02 (May 1, 2012 to May 1, 2013)
- AUC 4891930-03 (May 1, 2013 to May 1, 2014)
- AUC 4891930-04 (May 1, 2014 to May 1, 2015)

14.     CTHC is not seeking defense or indemnity from AGLIC in connection with the Bankruptcy Litigation under Policy Nos. AUC 3437223-5 or AUC 5967408-00 (together the "Pre-2009 Policies").

15.     On or about October 22, 2018, Zurich and AGLIC moved to dismiss without prejudice their claims against the Zachry Defendants in this proceeding, which the Court granted on October 24, 2018.  *See* Doc. Nos. 24-25.

16. On October 24, 2018, CTHC filed its First Amended Petition in the Texas Action, adding AGLIC as a defendant and seeking declaratory relief regarding AGLIC's coverage defenses with respect to the Bankruptcy Litigation under the HBZ Umbrella Policies, other than the Pre-2009 Policies for which no claim is asserted by CTHC. *See* Ex. F (Texas Action Am. Pet.).

17. With the dismissal of the Zachry Defendants as defendants in this federal suit, the Texas Action encompasses all ripened controversies and parties to this case (namely, Zurich, AGLIC, and CTHC), but also includes original plaintiff Steadfast. *See id*. Accordingly, Defendant seeks to dismiss this declaratory judgment action in favor of the pending Texas Action.

### III.   ARGUMENT & AUTHORITIES

**A.   This Court Should Decline To Exercise Jurisdiction Over Plaintiffs' Second Amended Complaint During The Pendency Of The Broader, All Encompassing Texas Action.**

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). The jurisdiction afforded the Court under Section 2201 is discretionary, not mandatory. *See Wilton v. Seven Falls Company*, 515 U.S. 277, 282 (1995) ("*Brillhart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional pre-requisites." (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942))); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) ("[I]t is

a matter for the district court's sound discretion whether to decide a declaratory judgment action.").

In exercising its discretion, the district court may consider the following non-exclusive factors: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered into by the court before whom the parallel state suit between the parties is pending (hereinafter the "*Trejo* factors"). *RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 Fed. Appx. 970, 972 (5th Cir. 2005) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)); *see also Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (citing six similar factors under *Brillhart*); *Wilton*, 515 U.S. at 286.[1] For all of the reasons set forth below, the *Trejo* factors justify abstention in this matter and dismissal of Plaintiffs' Second Amended Complaint in favor of the pending Texas Action.

---

[1] Under *Wilton v. Seven Falls Company*, beyond the identity of the issues and parties in the federal declaratory judgment action and a pending state court action, no greater "exceptional circumstances" are needed to support the Court's decision to dismiss Plaintiffs' Second Amended Complaint. 515 U.S. at 286 (rejecting attempts to discredit authority "under which district courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings (and need not point to 'exceptional circumstances' to justify their actions) . . . "); *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1993) ("The propriety of the district court's granting of the stay in this declaratory judgment action is governed by *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and the *Moses H. Cone/Colorado River* factors, which set out a more stringent test for federal abstention, do not apply.").

### 1. All Matters Raised in Plaintiffs' Claim For Declaratory Relief May Be Resolved In The Parallel and More Comprehensive Texas Action.

As to the first *Trejo* factor, the pending Texas Action addresses all matters in controversy between Zurich/AGLIC and CTHC.  The issues to be litigated in Zurich's and AGLIC's Second Amended Complaint clearly duplicate and overlap with those issues that are currently pending before the 192nd Judicial District Court in the Texas Action.  Both actions will resolve Zurich's and AGLIC's duty to defend CTHC in the Bankruptcy Litigation under the policies at issue, and because the underlying Bankruptcy Litigation is still pending, Zurich's and AGLIC's indemnity obligations to CTHC are not yet ripe.[2]  *Compare* Doc. No. 23 (Counts I-II, seeking declaratory relief as to Zurich's and AGLIC's defense and indemnity obligations) *with* Ex. F (Texas Action Am. Pet. at ¶¶ 69-76, 80-82) (alleging breach of contract as to Zurich's failure to defend CTHC under the same Zurich Policy and declaratory judgment regarding AGLIC's coverage obligations to CTHC under the relevant HBZ Umbrella Policies).

The matters Zurich and AGLIC raise as the alleged basis for a declaration that no coverage exists can be asserted as affirmative defenses in the Texas Action.  Indeed, Steadfast and Zurich have already raised these issues in their respective Answers to the Texas Action.  *See* Exs. D, E (Answers).[3]

---

[2] Plaintiffs' request for declarations as to their indemnity obligations in this action should not factor into the Court's analysis, as Plaintiffs' indemnity declarations are not ripe.  *See Am. Const. Benefits Group, LLC v. Zurich Am. Ins. Co.*, 2014 WL 144974, at *3 (N.D. Tex. Jan. 15, 2014) (quoting *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex. 1999) ("A suit for indemnity does not arise until some liability is established and made fixed and certain. This does not occur until judgment is rendered or until the lawsuit is settled.").  This is not a case in which, under *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997), Insurers may properly seek a declaration as to the duty to indemnify before liability is established, because here, the duty to indemnify depends on the facts actually proven in the underlying Bankruptcy Litigation.

[3] In any event, Insurers' declaratory judgment claims are subject to dismissal to the extent that they are duplicative of CTHC's contractual claims (which have been alleged in the Texas Action and will be alleged here if this case proceeds).  *See Wigginton v. Bank of N.Y. Mellon*, 2011 U.S. Dist. LEXIS 73050, at *14–15 (N.D. Tex. July 7, 2011) (dismissing plaintiff's declaratory judgment claim as redundant to defendant's counterclaim for breach of contract); *see also generally Liberty Mut. Ins. Co. v. Hisaw & Assocs. Gen. Contractors, Inc.*, 2010 U.S. Dist.

It makes no difference under a *Brillhart/Trejo* analysis that the state court suit is the second-filed litigation. Numerous courts have dismissed federal declaratory judgment actions in favor of pending state actions, even though those state actions were second-filed. *See, e.g.*, *Wilton*, 515 U.S. at 279; *Tandy Corp.*, 986 F.2d at 95; *Beaufort Dedicated No. 5 v. USA Daily Express*, 2012 U.S. Dist. LEXIS 178592, at *5 (S.D. Tex. Dec 18, 2012); *Lancer Ins. Co. v. Shuttleking, Inc.*, 1999 U.S. Dist. LEXIS 1452, at *4 (N.D. Tex. Feb. 5, 1999); *Sport Supply Group, Inc. v. Davis*, 1999 U.S. Dist. LEXIS 806, at *6 (N.D. Tex. Jan. 20, 1999); *Houston Gen. Ins. Co. v. Chickasha Cotton Oil Co.*, 1997 U.S. Dist. LEXIS 19436, at *7 (N.D. Tex. Nov. 21, 1997).

This Court should refrain from exercising its discretionary jurisdiction under Section 2201 "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Wilton*, 515 U.S. at 282 (citing *Brillhart*, 316 U.S. at 495). Thus, as (1) the ripened issues to be decided in the Texas Action and those for which Zurich and AGLIC seek declaratory judgment in the instant case are the same (i.e., the Insurers' duties to defend the Bankruptcy Litigation); and (2) the parties are also substantially the same, this Court should not accept jurisdiction over Plaintiffs' Second Amended Complaint, but rather should dismiss Plaintiffs' claims. *Id*. at 283 ("*Brillhart* indicated that, at least where another suit involving the same parties and presenting the same opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' *ibid*., if it permitted the federal declaratory action to proceed."); *Employers' Liab. Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954) ("As a procedural remedy, the federal declaratory-judgments act, 28 U.S.C.A. §§ 2201, 2202, operates independently of state law; but a federal

---

LEXIS 113657, at *33–34 (N.D. Tex. Oct. 25, 2010) ("If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted.").

court, in exercising its discretion to grant or refuse relief, should avoid needless conflict with other courts, state or federal").

### 2. Matters Raised In The Texas Action May *Not* Be Heard In This Litigation.

The additional *Brillhart* factors beyond those identified in *Trejo* and addressed below also weigh in favor of dismissal. The Texas Action includes not only claims against Zurich and AGLIC, but also the original plaintiff to this action, Steadfast. As fully briefed in CTHC's motion to dismiss Plaintiffs' Original Complaint (Doc. No. 7), the citizenship of Steadfast and CTHC is not diverse, and there is therefore no diversity (or other) jurisdiction before this Court to hear claims relating to Steadfast's duty to pay CTHC's defense costs in the underlying Bankruptcy Litigation. As such, the Texas Action is the only forum in which the full coverage dispute between all of the proper properties to this litigation can be heard. This litigation and the Texas Action both focus on the Insurers' duties to defend CTHC in the underlying Bankruptcy Litigation.

To the extent that the relevant policy provisions and their application as to the Bankruptcy Litigation overlap, a single court should decide all of the Insurers' responsibilities with respect to the Bankruptcy Litigation to avoid the risk of inconsistent rulings. This can only happen in the Texas Action. CTHC should not have to choose between being denied the opportunity to address Steadfast's duty to defend the Bankruptcy Litigation and litigating the same or similar issues relating to the Insurers' defense obligations in two different forums. This additional *Brillhart* factor weighs in favor of dismissing this litigation. *See Sherwin–Williams Co.*, 343 F.3d at 389 (*citing Brillhart*, 316 U.S. at 494) (identifying additional *Brillhart* factors, including "whether it would be 'uneconomical' or 'vexatious' to proceed in federal court where another suit was already pending in state court; and (6) whether hearing the declaratory judgment

action would represent 'gratuitous interference with the orderly and comprehensive disposition of a state court litigation.'").

### 3. Insurers Filed Suit In Anticipation Of Litigation Brought By CTHC.

With respect to the second *Trejo* factor, dismissal is warranted where the plaintiff files suit in anticipation of an action brought by defendants. *See, e.g.*, *Tandy Corp.*, 986 F.2d at 96; *Granite State Ins. Co. v. Honeywell, Inc.*, 1999 WL 68646, at *3 (N.D. Tex. Feb. 4, 1999). Here, as in *Tandy Corp.*, CTHC, Zurich, and Steadfast (the original parties to this action) "engaged in lengthy negotiations" regarding coverage. *See* Exs. A, B (insurer-CTHC correspondence). The Original Complaint filed by Zurich and Steadfast followed demands from CTHC for coverage from CTHC's coverage counsel, analyzing the coverage provisions and exclusions at issue. *See id.* Given "the tenor of the parties' relations during the [coverage] investigation, there can really be no dispute that the insurer expected the insured to file suit if its claim was denied." *Id.* (internal quotations removed); *see also Honeywell*, 1999 WL 68646 at *3 (finding the insurer's declaratory judgment suit constituted an anticipatory filing where the scope of the declaration related to defense costs previously demanded by the insured). Zurich and Steadfast filed this litigation in this forum—without any jurisdictional basis for doing so—in order to preempt a suit by CTHC. This factor thus weighs in favor of dismissal.

### 4. Insurers' Procedural Maneuvers Demonstrate Their Forum Shopping in Bringing This Suit.

The third *Trejo* factor—whether the plaintiff engaged in forum shopping in bringing the suit—also favors dismissal as Plaintiffs' procedural maneuvers demonstrate. The original parties to this dispute were Plaintiffs Steadfast and Zurich, and Defendant CTHC. Doc. No. 1. After Plaintiffs realized that Steadfast and CTHC were not diverse and thus no jurisdiction existed, Plaintiffs abandoned the claims asserted by Steadfast, replaced Steadfast with AGLIC and added

the Zachry Defendants.[4]  Doc. No. 8.  Steadfast and Zurich have not objected to the jurisdiction of the 192nd Judicial District Court or the venue of the Texas Action in Dallas County.  *See* Exs. D, E (Answers).  Lacking any objection to the jurisdiction or venue of the pending Texas Action, the only explanation for Insurers' procedural maneuvering is an attempt to gain whatever benefits they perceive may be gained from litigating in this forum.  Insurers should not be permitted to use the Federal Declaratory Judgment Act as a vehicle for forum selection or to deny their insureds the right to litigate their breach of contract claims—including CTHC's claims against Steadfast—in the forum of their choosing.  *See Paj, Inc. v. Yurman Design, Inc.*, 1999 WL 68651, at *3 (N.D. Tex. Feb. 9, 1999) ("The misuse of the Declaratory Judgment Act to gain procedural advantage and preempt the forum choice of the plaintiff . . . militates in favor of dismissing the declaratory judgment action."); *Honeywell, Inc.*, 1999 WL 68646, *4 (N.D. Tex. Feb. 4, 1999) ("Using a declaratory judgment action to . . . change forums is thoroughly inconsistent with the purposes of the [Declaratory Judgment] Act and should not be countenanced.").

Because adjudicating Plaintiffs' Second Amended Complaint in this Court would improperly deny CTHC its choice of forum to adjudicate Insurers' duty to defend and deny any adjudication of CTHC's claims against Steadfast without the necessity of duplicative and overlapping litigation, the third *Trejo* factor weighs in favor of dismissing Plaintiffs' Second Amended Complaint.

---

[4] AGLIC, Steadfast, and Zurich are all related entities commonly owned by Zurich (U.S.) Insurance Group. *See* Moody's Credit Ratings for Zurich American Insurance Company, Family Tree (attached hereto as "Ex. G"), available at https://www.moodys.com. The court may take judicial notice of Zurich's corporate relationship with Steadfast and AGLIC. *See Chandler Mgmt. Corp. v. First Specialty Ins. Corp.*, 452 S.W.3d 887, 895 (Tex. App.— Dallas 2014, no pet.) (taking judicial notice of documents from the Texas Department of Insurance's website showing that insurer was an "Eligible" "Surplus Lines Company"); *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 822 (Bankr. S.D. Tex. 2006) (taking judicial notice of the Texas Secretary of State Business Organization records indicating a company's registered agent, officer, and director).

### 5. CTHC Would Inequitably Be Prejudiced If This Action Is Not Dismissed.

The fourth *Trejo* factor requires consideration of any inequity that would result either from dismissal of this action or from allowing the declaratory action to proceed. *See RLI Ins. Co.*, 131 Fed. Appx. at 973 (examining the inequity resulting from dismissal or stay of declaratory action during the pendency of a parallel state proceeding). Here, Insurers would suffer no inequity resulting from requiring a determination of their respective duties to defend CTHC in Dallas County as contemplated by the Texas Action. *Id.* (affirming stay of declaratory action where "little inequity to RLI would result from requiring all the coverage determinations to occur in California"). Indeed, again, Steadfast and Zurich have not asserted any objection to the forum or jurisdiction of the Texas Action. *See* Exs. D, E (Answers). To the extent that the 192nd Judicial District Court has properly asserted jurisdiction over the coverage issues raised in this forum, and the 192nd Judicial District Court is not an inconvenient forum for the determination of same, no inequity will result from the dismissal of Plaintiffs' Second Amended Complaint. To assert otherwise would impugn the competency of the 192nd Judicial District Court.

While no inequity to Insurers would result, absent a dismissal, CTHC will be inequitably harmed. As noted above, the Texas Action is broader and more encompassing than this litigation, and includes Steadfast's defense obligations to CTHC, which cannot be brought in this Court. To the extent that CTHC would be forced to litigate in two different forums in order to obtain a complete adjudication of the Insurers' duties to defend the underlying Bankruptcy Litigation, CTHC will be inequitably prejudiced. Beyond the burden of litigating the same dispute in two different forums, CTHC is prejudiced by the risk of divergent rulings with respect

to similar policy provisions if both actions proceed. This factor further supports dismissal of this case.

### 6. Proceeding In This Forum Is Inconvenient And Does Not Serve Judicial Economy In Light Of The More Encompassing Texas Action.

With regard to the fifth and sixth *Trejo* factors, continuing this litigation creates an inconvenience for the parties as the proceedings before this Court addressing Zurich and AGLIC's duties to defend CTHC are duplicative of those proceedings already underway in the Texas Action. Moreover, deference to the pending Texas Action, which is more encompassing and complete than this litigation, would conserve judicial resources by allowing the only court in which all parties could proceed to decide all coverage issues relating to CTHC with respect to the Bankruptcy Litigation. Thus, the fifth and sixth *Trejo* factors weigh in favor of dismissal. *See RLI Ins. Co.*, 131 Fed. Appx. at 973 (affirming dismissal where doing so would allow one court to decide the issues in the case); *see also Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.").

In summary, the *Trejo* factors unequivocally support a finding that Plaintiffs' Second Amended Complaint should be dismissed in its entirety in favor of the pending Texas Action.

## V. PRAYER

WHEREFORE, Defendant Central Texas Highway Constructors, LLC requests this Court grant its Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion") and enter an order (1) granting Defendant's Motion; (2) dismissing Plaintiffs' Second Amended Complaint with prejudice; and (3) awarding Defendant any and all other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Micah E. Skidmore*
Micah E. Skidmore
State Bar No.  24046856
Natalie DuBose
State Bar No. 24077481
Emily Buchanan
State Bar No. 24101568

HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219-76763
Telephone:  (214) 651-5000
Telecopier:  (214) 651-5940

**ATTORNEYS FOR DEFENDANT, CENTRAL TEXAS HIGHWAY CONSTRUCTORS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent via court e-notice, to the following counsel of record, on this 26th day of October, 2018.

Alicia G. Curran
Alissa K. Christopher
Cozen O'Connor
1717 Main Street, Suite 3100
Dallas, Texas 75201

*/s/ Micah E. Skidmore*
Micah E. Skidmore

4821-2265-8424 v.3